GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s disposition except with respect to the seven-level enhancement for distributing child pornography to a minor to entice the minor to engage in prohibited sexual conduct, U.S.S.G. § 2G2.2(b)(2).
Before the district court, Defendant did not argue that no person on the chat logs was an actual minor. Instead, he argued that he was enticing minors only to masturbate, which does not qualify as prohibited sexual conduct. The district court disagreed, finding that there was ample evidence of enticement to perform additional, prohibited sexual conduct. Defendant does not renew that argument on appeal.
I would rule that Defendant forfeited the opportunity to argue on appeal that no person on the chat logs was an actual minor. He implicitly conceded the point in the district court by asserting that the enhancement does not apply to enticing minors to masturbate. For that reason, the government was never called on to prove that one or more recipients was an actual minor, and it is inappropriate to draw a negative inference from the absence of such proof.
In the alternative, I would hold that the district court did not plainly err in crediting the self-identifications of several chat-room participants as being minors. For example, one participant stated that she was a girl who would soon turn 12; another participant stated that she was a girl whose older brother is almost 16 years old.
For these reasons, I respectfully dissent in part.